IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD JOE HOOTEN                                                    PLAINTIFF

v.                                    NO.  2:06-cv-2048

FRANK ATKINSON,
NURSE CRYSTAL WHITE,
NURSE CRISTY COLLIER, and
JAILER J. RITTER                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Edward Joe Hooten (Plaintiff) filed this pro se civil rights action under 42 U.S.C. § 1983 on

April 27, 2006.  (Doc. 1).  Plaintiff's complaint was filed *in forma pauperis* (IFP) and certified to

proceed on that same date.  The named Defendants were properly served and an answer was filed

on July 5, 2006.  (Doc. 9).  The Defendants Atkinson, Ritter and White filed a Motion for Summary

Judgment on September 22, 2006 (Doc. 13), Defendant Collier joined this Motion on May 2, 2007.

The Plaintiff filed a response to the Motions for Summary Judgment on July 26, 2007 (Doc. 27).[1]

The Motion for Summary Judgment was referred to the undersigned for a report and

recommendation.

### I. Background

Plaintiff was an inmate in the Arkansas Department of Corrections who was transported to

the Sebastian County Detention Center several times for court appearances.  Plaintiff's claims arise

out of actions he alleges occurred while at the Sebastian County Detention Center.

---

[1]Plaintiff's Response to Motion for Summary Judgment was in the form of answers to questions
propounded by the Court to assist Plaintiff in responding to the issues raised by the Motion for Summary Judgment.
Plaintiff's response was timely filed and has been considered by the Court in making this Report and
Recommendation.

Before arriving at the Sebastian County Detention Center in August of 2004, Plaintiff claims his Triple Antibiotic cream and soap, which had been prescribed to him by a physician, were taken from him.  Despite using the grievance system once housed at Sebastian County, Plaintiff claims the medication was denied to him and he was told the ADC doctors would have to evaluated him when he returned to their custody.  Plaintiff claims his staph infection, for which he was taking the medication, became worse due to the denial of medication.  Moreover, states that in October of 2004 the ADC physician prescribed sulfamethoxazole and triple antibiotic cream, but again Plaintiff was transferred to Sebastian County and his medication was denied.  Plaintiff claims he did not receive sulfamethoxazole until October 5, 2004 and he should have received it on October 1, 2005.

Plaintiff further claims a denial of medical treatment in the form of dental care.  Plaintiff states while in ADC custody on October 22, 2004 he complained about a toothache.  Plaintiff was transported to Sebastian County Detention Center for a court appearance before he could see a dentist.  Plaintiff then requested dental treatment while at Sebastian County, and he was seen by a nurse who prescribed him ibuprofen.  Plaintiff claims he was also told he would be started on an antibiotic, but that this did not occur.  Plaintiff again requested dental assistance and was seen by another nurse.  This nurse informed him that he would be responsible for any dental treatment while housed at the Sebastian County Detention Center.  Plaintiff again was transported to the ADC then back to Sebastian County, with the toothache and no dental assistance.  On his arrival at Sebastian County he was seen by a nurse, who did not give him any medication, but told him if he had the ability to pay for dental care she would arrange the appointment.

On November 13, 2004, Plaintiff again filled out a grievance regarding dental treatment, and was told to fill out a medical request.  Plaintiff did so on November 16, 2004 and received an answer

back on November 18, 2004 that the issue was a "non-emergent" one and should be resolved at the ADC.

Plaintiff further claims that when he arrived at the Sebastian County Detention center he was put into "lock down" for no reason by Deputy J. Ritter; Plaintiff states he was given no hearing before this punishment was given.  Plaintiff claims that on August 12, 2004 he was locked into a permanent cell for 44 days.

## II.  Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c).  The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992).  The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A.      Official Capacity Claims

Plaintiff has sued Defendants in their individual and official capacities.  Plaintiff's official capacity claims are tantamount to suing Sebastian County.  Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on respondeat superior, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v.*

*Holmes,* 21 F.3d 277, 280 (8th Cir.1994).   Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91.  In his Response to the Motion for Summary Judgment (Doc. 27), Plaintiff states there was a custom of the Sebastian County Detention Center failing to provide medical treatment to ADC inmates and that ADC inmates will only receive ibuprofen for medical complaints.

Plaintiff has failed to state a custom or policy of denial of medical treatment in support of his medical treatment claim.  Other than his bare allegations, Plaintiff has presented no evidence of a custom or policy of Sebastian County regarding a denying medical care or only treating ADC inmates temporarily housed in its facility with ibuprofen or other pain relievers.  Accordingly, Summary Judgment should be granted in favor of the Defendants on Plaintiff's official capacity claims.

Plaintiff has named Sheriff Frank Atkinson as a Defendant in this case.  In his response to the Motion for Summary Judgment (Doc. 27), Plaintiff states he has named Defendant Atkinson because he was aware of the conditions and problems of the Sebastian County Detention Center and of the custom of refusing medical treatment to ADC inmates.  Plaintiff's claims against Defendant Atkinson are clearly based upon a respondeat-superior theory of liability which is not actionable in the Section 1983 context, as noted above.  Summary Judgment should be granted in favor of Defendant Atkinson, both in his official and individual capacities, on all of Plaintiff's claims.

## B.    Denial of Medical Care

The Eighth Amendment's "deliberate indifference" standard of review regarding conditions

of confinement is the same for both pretrial detainees as well as convicted prisoners.  *See, e.g., Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Sir. 1994).  This is also true for claims of denial of medical care.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  Deliberate indifference has been held to mean that "a prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety." "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials (arresting officers) actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen* 205 F.3d 1094, 1096 (8th Cir.2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).  Additionally, " '[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).  *See also Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir.2000) ("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.*" Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086

(8th Cir.1997) (per curiam) (internal quotation and citation omitted).  Deliberate indifference can be manifested by an intentional denial of or delay in providing access to medical care.  *Charron v. Medium Sec. Inst.,* 730 F. Supp. 987, 996 (E.D. Mo.1989).

In this case, it is clear that Plaintiff notified Defendants of his medical needs.  Plaintiff alleges, and the record reflects, he filed medical requests and grievances regarding his lack of antibiotic cream and soap,, and regarding his dental issues.  However, there is no medical evidence submitted to support that Plaintiff's health problems rose to the level of a  serious medical need.  Even assuming Plaintiff did suffer from a serious medical need, there is no evidence to support Plaintiff's claims he was denied medical treatment.

Each request for medical treatment Plaintiff submitted was responded to, usually with an appointment with the nurse.  Often Plaintiff was given medication for pain.  While Plaintiff clearly sought further medical treatment for his dental problems, he did not have the funds available for this non-emergent care.  A dispute over the course of treatment fails to state a claim for deliberate indifference.  *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).

As for Plaintiff's claims that  he did not receive his triple antibiotic cream or medicated soap, the evidence shows Plaintiffs orders had expired on those medications.  Plaintiff also claims on October 1, 2004 he was again prescribed medication, but that it was not released to him until October 4, 2004.  Plaintiff has submitted no medical evidence to show that he was harmed by this delay in receiving medication or that the medication was prescribed for a serious medical need.  Accordingly, Summary Judgment is due to be granted to Defendants on all of Plaintiff's claims regarding the denial or delay of medical or dental care.

C.      Denial of Due Process

Plaintiff appears to make two claims of due process violations.  First, plaintiff alleges that on August 12, 2004 when he was booked into the Sebastian County Detention Center, he was placed in "lock down" for 44 days for no reason.  An incident report states that Plaintiff was uncooperative to the booking clerk, including yelling and cursing, and was placed in administrative segregation to maintain good order in the facility.

There is no record that Plaintiff submitted a grievance regarding this alleged due process violation.  Plaintiff, in the response to summary judgment, states he is without knowledge as to whether he did submit a grievance regarding this incident or not.  The evidence shows, however, that Plaintiff did not submit a grievance and has thus failed to exhaust his administrative remedies on this point pursuant to 42 U.S.C. §1997e(a).  *See, e.g., Johnson v. Jones*, 340 F.3d  624, 627 (8th Cir. 2003).  Thus, Summary Judgment is due to be granted to Defendants on this claim.

Second, Plaintiff submitted a grievance on August 16, 2004 stating that during intake on August 12, 2004, his legal work and a legal pad was taken from him and had not been returned as promised.  The evidence shows that on August 16, 2004 a jail employee was requested to bring up Plaintiff's legal materials.  While getting these items, a razor and silver colored wrapper were found in an envelope addressed to Plaintiff.  Plaintiff agrees these items were found and that the legal mail was then taken to the supervisor's office and the paperwork was searched in Plaintiff's presence.

Again, Plaintiff has failed to show any evidence he submitted a grievance regarding any alleged due process violation.  Plaintiff states he is without knowledge as to whether he did submit a grievance and the evidence clearly shows no grievance was submitted.  Plaintiff has failed to exhaust his administrative remedies and summary judgment is due to be granted to Defendants on this

claim.

### III.  CONCLUSION

For the reasons stated, I recommend that the Defendants' Motion for Summary Judgment (Doc. 13) be **GRANTED**.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **9th day of August, 2007.**

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE